# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Robert E. Allen

September 9, 2024

**Direct Dial**
310.282.6280
**Direct Fax**
310.785.3580
**Email**
rallen@glaserweil.com

**VIA ECF**

Maria R. Hamilton
Clerk of the Court
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:   *Thiccc Boy Productions Inc. v. Kyle Swindelles, et al.*,
      First Circuit Case No. 24-1207
      District Court Originating Case No. 1:22-cv-00090-MSM-PAS

Dear Ms. Hamilton:

Pursuant to Fed. R. App. P. 27(a)(3), Plaintiff-Appellant Thiccc Boy Productions Inc. ("Appellant") respectfully submits this letter response to Kyle Swindelles' ("Swindelles") Motion to Dismiss ("Motion") filed on the docket on September 4, 2024. Swindelles did ***not*** inform Appellant's counsel that he would be filing this Motion, and the Motion should be denied or stricken.

Swindelles' allegations are false, incoherent, and absurd. Swindelles claims, without supporting evidence, that Appellant "has not consented to an appeal of the lower court's ruling, has not had communication with its legal counsel on this matter, has stopped its payment of legal fees and costs for this case, and may have been defrauded by its current counsel and a former employee in the initiation of this action in the lower court." Motion at 1. Each of the allegations is unequivocally incorrect.

Counsel for Appellant represents to the Court that it (1) has full and complete authority from Appellant to prosecute this appeal, (2) has regularly communicated with Appellant regarding the status of this action, and (3) did not "defraud[]" Appellant into commencing this action. Attached to this letter is a sworn declaration from Appellant's CEO, Brendan Schaub, confirming all of this (Attachment A). As stated by Mr. Schaub, Appellant consented to both the filing of this action in the district court and the appeal of the judgment below. Moreover, Appellant has fully participated in this action, including by producing documents and responding to discovery.

This case involves whether Swindelles' use of Appellant's four videos constitutes fair use under the Copyright Act. Pursuant to Fed. R. App. P 27(a)(3)(B), which allows a response to "include a motion for affirmative relief," Appellant respectfully requests that the Court strike

Maria R. Hamilton
September 9, 2024
Page 2

Swindelles' Motion. The Motion relies on a series of statements allegedly made in a recent YouTube video. These statements – which are not authenticated or even part of the record – do not support any of Swindelles' far-fetched allegations and are irrelevant to the issues in this appeal. For the Court's reference, Swindelles brought two similar motions for sanctions in the district court, and the district court denied both of them. 3/6/23 Order; 2/22/24 Order.

Those orders are not at issue in this appeal. Nonetheless, as the district court held, Appellant has taken objectively reasonable positions throughout this litigation. 2/22/24 Order at 13 ("Thiccc Boy's claims potentially had merit … additional conduct Mr. Swindelles identifies … is conduct typical of our adversarial system."). Swindelles' unfounded allegations regarding Appellant's subjective intent in filing the lawsuit are irrelevant. *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 65-66 (1993) ("Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. … [M]atters concern[ing] [plaintiff's] economic motivations in bringing suit [are] rendered irrelevant by the objective legal reasonableness of the litigation."); *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 12 (1st Cir. 1999) ("While the [defendant] may have viewed the bringing of the lawsuit as abusive, such subjective views are beside the point" where the plaintiff's arguments were objectively reasonable). Mr. Swindelles' spurious allegations are not only wrong, but they have nothing to do with the fair use issues involved in this appeal.

In sum, Appellant requests that the Court deny or strike Swindelles' Motion. If the Court wishes to receive further briefing by Appellant or discuss this matter further, counsel for Appellant is available at the Court's convenience.

Respectfully submitted,

ROBERT E. ALLEN
of GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

2319846.1

# ATTACHMENT A

## DECLARATION OF BRENDAN SCHAUB

1. I am the CEO of Thiccc Boy Productions, Inc.

2. In February 2022, I appointed Robert E. Allen of Glaser Weil LLP, as Thiccc Boy's lead counsel in this action.

3. Mr. Allen has regularly communicated with my business manager, Lex McMahon, and me, regarding the status of this action.

4. Mr. Allen had full authority from Thiccc Boy to file the complaint against Kyle Swindelles on February 28, 2022.

5. Mr. Allen had full authority from Thiccc Boy to file the notice of appeal of the district court's decision on March 1, 2024.

6. Mr. Allen continues to have full authority to act on Thiccc Boy's behalf in all matters associated with this action.

7. I understand that Thiccc Boy has fully participated in this action as required, including making the decision to file the lawsuit, responding to discovery, and deciding to file the appeal.

8. I understand that Thiccc Boy's complaint in this action alleges that Kyle Swindelles committed copyright infringement, not defamation.

9. I understand that Thiccc Boy filed its opening appeal brief in early May 2024, and that the parties are currently waiting for a decision from the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 7.00, 2024, at Los Angeles, California.

DocuSigned by:

C355D28C65A04AD...

BRENDAN SCHAUB